JACOBS v. MANDEL.

(Supreme Court, Appellate Term. June 6, 1907.)

DAMAGES—BREACH OF CONTRACT.

Where plaintiff broke his contract to furnish labor and materials, and defendant was obliged to complete the work, defendant's measure of damages was the difference between the contract price and the cost of completing the work according to the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 291–298.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Christian Jacobs against Samuel Mandel. Judgment for defendant, and plaintiff appeals. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Wilfrid N. O'Neil, for appellant.

Eisman & Levy (J. Lester Lewine, of counsel), for respondent.

FITZGERALD, J. The plaintiff brought this action to recover for work performed and materials furnished under two contracts alleged to have been made between him and the defendant. Upon the first contract there seems to be no testimony contradicting the plaintiff's statement that the price agreed upon for the work and materials was $325, of which he had received the sum of $300. Upon the second contract it was shown by the defendant by evidence believed by the trial court that the contract price was $650, that the plaintiff had been paid thereon the sum of $500, that he failed to fully perform the work, and that the defendant was compelled to pay the sum of $275 for work and to furnish $56 worth of material in addition thereto, in order to complete the work which plaintiff had agreed to do. The evidence of the defendant as to the value of the work done and materials furnished to complete the work was meager, but no objection thereto was made by the plaintiff, nor did he move to dismiss the counterclaim. The plaintiff also claimed, and proved without dispute, that he did extra work under the second contract amounting to the sum of $28. The court below gave judgment in favor of the defendant for the sum of $331, being the full amount shown to have been expended by him in completing the plaintiff's contract. No credit was given the plaintiff for the sums of $25 and $28, respectively, shown to be due the plaintiff as hereinbefore stated. The court failed to apply the proper measure of damages. The true rule in such cases is the difference between the contract price and the cost of completing the work according to the contract. The contract price being $650, and the actual cost to perform the work being $831, the amount to be allowed upon the counterclaim would properly be the sum of $181, and deducting the items of $25 and $28, before mentioned, would leave the judgment $128.

The judgment must be modified, by reducing the same to the sum of $128 and appropriate costs in the court below, and, as modified, affirmed, with costs to the appellant in this court to be deducted from the amount of the judgment. All concur.